IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BARBARA ELOISE HERNDON, PLAINTIFF,

VS. CIVIL ACTION NO. 3:08CV021-P-S

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration, DEFENDANT.

**FINAL JUDGMENT**

This matter comes before the court upon the U.S. Magistrate Judge's February 25, 2009 Report and Recommendation. After due consideration of the Report and Recommendation, the plaintiff's objection filed thereto, the Government's response to the objection, and the plaintiff's reply thereto, the court finds as follows, to-wit:

The U.S. Magistrate Judge's Report and Recommendation recommended that this court affirm the Administrative Law Judge's August 15, 2006 ruling that the plaintiff is not "disabled" and therefore ineligible for supplemental security income ("SSI") benefits.

The primary finding of the Report with which the plaintiff takes issue in her objection is that the U.S. Magistrate Judge did not conclude that a reversal of the ALJ's ruling was warranted for his failure to provide the plaintiff a supplemental hearing after the plaintiff requested one. The plaintiff argues that such a hearing was required pursuant to section I-2-7-30 of the Hearings, Appeals, and Litigation Law Manual ("HALLEX"). The plaintiff cites *Newton v. Apfel* for the proposition that "[w]hile HALLEX does not carry the authority of law, this court has held that 'where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required.'" 209 F.3d 448, 459 (5th Cir. 2000) (quoting *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981)). The Fifth Circuit in *Newton* also

1

ruled that "[i]f prejudice results from a violation [of HALLEX], the result cannot stand." *Id*.

Thus, though the Court in *Newton* stated that HALLEX does not carry the authority of law in and of itself, the ruling in *Newton* that HALLEX must be followed unless failure to do so does not result in prejudice to the claimant effectively gives HALLEX the authority of law in this particular case. Section H of HALLEX § I-2-7-30 provides in pertinent part: "If a claimant requests a supplemental hearing, the ALJ must grant the request, unless the ALJ receives additional documentary evidence that supports a fully favorable decision."

In July 2005 the ALJ originally ruled that the plaintiff was "disabled." Thereafter, the Appeals Council, on its own motion, vacated the ruling on the basis that the opinions of the plaintiff's treating physician, Dr. Kumari Gutti, were inconsistent with the non-examining state agency physicians and appeared to be based on the plaintiff's subjective complaints. On remand the ALJ conducted a hearing on March 10, 2006 after which he ordered the plaintiff to submit to a consultative examination which was performed by her treating physician Dr. Gutti on April 11, 2006. The ALJ proffered Dr. Gutti's new report and Medical Source Statement to the plaintiff's non-attorney representative by cover letter of June 28, 2006 which advised:

> You may also request a supplemental hearing at which you would have the opportunity to appear, testify, produce witnesses, and submit additional evidence and written or oral statements concerning the facts and law. If you request a supplemental hearing, I will grant the request unless I receive additional records that support a fully favorable decision.

According to the plaintiff, her representative requested a supplemental hearing on June 30, 2006, two days after receipt of the ALJ's proffer letter, via facsimile. While the U.S. Magistrate Judge and the Government point out that the fax was not in the record, the plaintiff offered a copy of the fax confirmation sheet indicating that the fax had in fact been sent to the ALJ. Importantly,

2

the Government does not contend that the fax was not sent or received.

The ALJ did not comply with the plaintiff's request for a supplemental hearing and ultimately rendered an unfavorable decision on August 15, 2006 that the plaintiff was not disabled. The plaintiff argues that this denial of the supplemental hearing violated HALLEX § I-2-7-30 and her due process rights. She maintains that the denial resulted in prejudice to her since she could have had the opportunity to cross-examine her treating physician, Dr. Gutti, before the ALJ during the hearing. Though Dr. Gutti is the plaintiff's own physician and expressed an opinion admittedly favorable to the plaintiff, the plaintiff argues that cross-examination of Dr. Gutti could have buttressed Dr. Gutti's opinion before the ALJ and therefore might have led to a favorable decision from the ALJ.

The court is persuaded by this argument and therefore declines to adopt the conclusions of the U.S .Magistrate Judge in his Report and Recommendation regarding the supplemental hearing. Pursuant to *Newton*, HALLEX § I-2-7-30, and the ALJ's June 28, 2006 proffer letter, the plaintiff was entitled to a supplemental hearing to examine Dr. Gutti before the ALJ. It is undisputed that the plaintiff requested such a hearing via fax on June 30, 2006 and that the ALJ did not provide a hearing. The court concludes further that the plaintiff did not waive her right to request the hearing by failing to subpoena Dr. Gutti given that one usually does not subpoena someone until after permission for a hearing has been granted and a time and place for the hearing has been set. The court also concludes that the plaintiff did not waive her right for a supplemental hearing by making her request conditional in the fax – *i.e.*., "If you cannot award a fully favorable decision on this record we request a supplemental hearing." If the ALJ were to have rendered a fully favorable decision, there would have been no need to cross-examine Dr. Gutti to attempt to bolster her

testimony before the ALJ and therefore there would have been no need to conduct a supplemental hearing.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Since the plaintiff did not object to the portions of the U.S. Magistrate Judge's February 25, 2009 Report and Recommendation not involving the plaintiff's request for a supplemental hearing, the court hereby adopts and incorporates herein those findings; therefore the plaintiff is precluded from reasserting those arguments in any future appeals to this court; however,

(2) The court declines to adopt the Report and Recommendation with respect to the plaintiff's objection that she was denied a supplemental hearing to examine Dr. Kumari Gutti before the ALJ; accordingly,

(3) The August 15, 2006 decision of the Administrative Law Judge denying the plaintiff's claim for supplemental security income is hereby vacated; and

(4) This case is remanded to the ALJ to conduct a supplemental hearing during which the plaintiff shall have the opportunity to examine Dr. Kumari Gutti regarding her post-August 15, 2006 hearing medical opinions as to the plaintiff's claimed disability.

**SO ORDERED** this the 31st day of March, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE