IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BARBARA E. HERNDON                                                              PLAINTIFF

CIVIL ACTION NO.: 3:08-CV-21-WAP-DAS

COMMISSIONER OF SOCIAL SECURITY                                    DEFENDANT

**REPORT AND RECOMMENDATION**

Before the court is the claimant's motion (# 17) for payment of attorney's fees. This matter has been assigned to the undersigned magistrate judge for issuance of a report and recommendation. And, having duly considered the parties' submissions, the record, and the applicable law, the court finds as follows:

In these proceedings, the claimant sought judicial review of the final decision of the Commissioner of Social Security, denying her claim for supplemental security income. On March 31, 2009, the court entered a Final Judgment (# 29) which reversed the Commissioner's decision. Specifically, the court remanded the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The claimant now seeks attorney's fees pursuant to 28 U.S.C. §2412(d), the Equal Access to Justice Act ("EAJA").

By motion, attached exhibits, and additional briefing, the claimant requests an award of $11,300.09 for 67 hours of her attorney's services on this case. The Commissioner filed a brief in opposition arguing that an award would be inappropriate under the EAJA, or, in the alternative, that the number of hours the claimant's attorney is requesting is excessive. The court will consider the defendant's objections in turn.

**A. Whether An Award Is Appropriate Under 28 U.S.C. § 2412**

Pursuant to 28 U.S.C. § 2412(d)(1)(A):

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdic-

> tion of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

A claimant who obtains a remand under sentence four is a prevailing party for the purpose of an award of attorney's fees under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292 (1993); *Bornette v. Barnhart*, 473 F. Supp. 2d 736, 738 (E.D. Tex. 2007). In this case, there is no dispute that the claimant was the prevailing party. However, the Commissioner opposes the claimant's request for a fee award under the statute on the grounds that the government's position was substantially justified and that circumstances exist that would make a fee award unjust in this case.

*Substantially Justified*

The Commissioner's position is substantially justified if his conduct has a reasonable basis in law and fact, that is, if a reasonable person could be satisfied that the position was correct. *See Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988); *Russell v. National Mediation Bd.*, 775 F. 2d 1284, 1289 (5th Cir. 1985). The Commissioner bears the burden of proving that his position was substantially justified. *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). Thus, if either the government's pre-litigation conduct or its litigation position is not substantially justified, the claimant is entitled attorney's fees. *Fulton v. Heckler*, 784 F.2d 348 (10th Cir. 1986); *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001). The ALJ's decision constitutes part of the agency's pre-litigation position. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). When the court reverses the Commissioner's decision, it should analyze the merits of the government's litigating position. *See id.* "Strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees. *Id.*

In her brief in support of the complaint, the claimant argued, *inter alia*, that the ALJ denied her right to a supplemental hearing under HALLEX I-2-7-30 after she requested one. The claimant went on to argue that she was prejudiced by the ALJ's "legal error because she consequently was denied her right to cross-examine" her physician, Dr. Gutti, regarding a post-hearing report and her right to due process. In his response, the Commissioner argued that the claimant's case did not fall within the HALLEX because Dr. Gutti was her own physician, not "an unknown, inaccessible figure." Additionally, the Commissioner argued that the HALLEX only required that the ALJ give the claimant "the opportunity to review and comment on the evidence and to request a supplemental hearing" but that "*[t]he HALLEX does not require that a hearing be granted*." Later, in his response to the claimant's objections to the court's Report and Recommendation, the Commissioner argued that HALLEX § I-2-7-30 does not provide for cross-examination in every case and that the claimant never subpoenaed Dr. Gutti. The Commissioner went on to argue that "the ALJ has discretion regarding whether to make the medical expert available for live testimony during that hearing." However, contrary to his former position, the Commissioner conceded that "the Plaintiff is correct that the HALLEX instructs the ALJ to hold a supplemental hearing where one is requested." Ultimately, this court ruled: "Pursuant to *Newton*, HALLEX § I-2-7-30, and the ALJ's June 28, 2006 proffer letter, the plaintiff was entitled to a supplemental hearing to examine Dr. Gutti before the ALJ. It is undisputed that the plaintiff requested such a hearing via fax on June 30, 2006 and that the ALJ did not provide a hearing." Because the Commissioner conceded that the ALJ was required to grant a supplemental hearing where the claimant requests one, the government's position was not substantially justified. *See Seal v. Astrue*, 563 F. Supp. 2d 608 (W.D. Va. 2008) (position of Commissioner was not substantially justified, so as to preclude award of attorney fees under EAJA where Commissioner failed to ensure that administrative proceedings were conducted at final sequential level in a way satisfying basic requirements of his own regulations, as those requirements had been applied in decisional authority of Fourth Circuit).

*Special Circumstances*

The Commissioner argues that special circumstances exist that would make an award of fees unjust in this case. As an example of special circumstances, the Commissioner points to language from the House Report on the EAJA which suggests that such circumstances include the situation where the government advances "a novel but good faith interpretation of the law." The court finds that in light of the Commissioner's conceding that the ALJ was required to grant a supplemental hearing under the HALLEX, the issue which required reversal of this case, this argument has no merit. Accordingly, the court finds the claimant is entitled to attorney's fees under the EAJA. *See Bornette v. Barnhart*, 473 F. Supp. 2d 736 (E.D. Tex. 2007) (finding claimant, as prevailing party, was entitled to attorney fees, expenses, and costs under the EAJA where no special circumstances existed and United States made no showing its position was substantially justified).

**B. Whether the Number of Hours Submitted Is Excessive**

The Commissioner objects to the claimant's initial request of $9,821.25 for 58.20 hours of attorney services, arguing that the fee "greatly exceeds typical EAJA charges for this district." Additionally, the Commissioner suggests that time spent on some items was unreasonable due to the claimant's counsel's expertise in Social Security and that "small increment" items should not have been billed at an attorney rate. The only examples of "small increment" items cited by the Commissioner are generally performing electronic filing and filing an April 14, 2009 motion for an extension of time. The Commissioner does not challenge the reasonableness of the hourly rate requested by the claimant.[1]

---

[1] The claimant requests that the court make an upward adjustment to the hourly rate authorized by the EAJA to reflect increases in the cost of living in the market where her counsel practices. The claimant has proffered a schedule including the COLA for 2007, 2008, and 2009, the time period in which the attorney's services were performed. The EAJA provides that attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412 (d)(2)(A)(ii).

A reasonable attorney's fee is the product of reasonable hours incurred times the reasonable rate. *See Chemical Mfrs. Ass'n v. U.S.E.P.A.*, 885 F.2d 1276, 1280 (5th Cir. 1989). The court has considered the items of electronic filing cited by Commissioner and finds that no item is excessive. The court accepts counsel's explanation that these services required attorney oversight. Moreover, the court has reviewed counsel's entire itemization of fees and finds that it is reasonable in light of the circumstances of this case. This case involved briefing that went beyond that of the routine Social Security case, including briefing of objections to the court's Report and Recommendation and briefing of the instant fee dispute. Ultimately, the favorable result achieved lends justification to the amount of time invested in this case by counsel. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating the amount involved and the results obtained as a factor to be considered in the reasonableness determination).

Lastly, in addition to attorney's fees for services rendered during litigation of the merits of this case, the claimant seeks an award of fees for 8.80 hours of her attorney's time for prosecuting the instant motion for fees. "[W]here the government's underlying position is not substantially justified, plaintiff is entitled under the EAJA to recover all attorney's fees and expenses reasonably incurred in connection with the vindication of his rights, including those related to any litigation over fees, and any appeal." *Powell v. C.I.R.*, 891 F.2d 1167, 1172 (5th Cir. 1990)(citation omitted). The court finds this time is reasonable.

Therefore, for the reasons set out above, it is my recommendation that the claimant in this case be awarded a total of $11,300.09 for attorney's fees under the EAJA.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The

---

The government makes no challenge to the hourly rate requested. Accordingly, the court finds an hourly rate award in this case above the statutory maximum and consistent with the claimant's schedule is reasonable.

parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**RESPECTFULLY SUBMITTED** this, the 14th day of September, 2009.

/s/ **David A. Sanders**
**U. S. MAGISTRATE JUDGE**